FILED
JAN 14 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gheorghe Croitoru
M.D.C. 100 - 29th St
Brooklyn, NY, 11232
Reg. No. 75348-053

VS.

Home Land Security
333 Mt. Elliott
Detroit, MI, 48201

## Habeas Corpus COMPLAINT

I was Detained wrongfully, and Deported by Homeland Security. Also Know as (I.N.S.). Under title 8 U.S.C. §1431 (Immigration - Nationality Act 320) I was, and am an american Citizen Automatically under this Law, that was enacted June 27, 1952. Homeland Security ignored this Law, and Broke the Law intended by Congress. Also reviewing through my Discovery, Homeland Security has another person's name in my Discovery! Seven Documents showing a name Like mine, but with a middle name! Mistaken Identity! I have evidence, that proves Homeland Security has wrongfully Deported me, and they caused me to lose my Dreams, my Goals, they took my freedom, and violated my constitutional rights as an american! The 14th Amendment!

RECEIVED

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

I'm sueing Homeland Security of the amount of $2.000.000 Dollars in U.S. currency, and also to Furnish me a certificate of citizenship under I.N.A. 320 (8 U.S.C. 1431) and to release me from custody, and to Close the case, and be no longer pending before me!

I am requesting a trial JURY!

*Gheorghe Craitoru*

Gheorghe Craitoru
Metropolitan Detention Center
100 - 29th St.
Brooklyn, N.Y., 11232

Dec-11-07

Gheorghe Croitoru
M.D.C. 100-29th St
Brooklyn, NY. 11232
Reg. No. 75348-053

VS

Paul Tuchmann
147 Pierrepont St.
Brooklyn, NY, 11201

## COMPLAINt

MR. Tuchmann the U.S assistant attorney is still refusing to drop the pending charges brought against me by Homeland security, that took place on July 31, 2007. On December 4th 2007, I proved in Court, that I am an american Citizen under title 8 U.S.C. §1431, And that I fulfill the three requirements; Cross References 8 U.S.C.S. §1101 (b)(2), and 1101 (b)(1)(A). I also handed two Documents investigated by Michigan Department of Corrections, Basic Report Investigation, done in 1996, by S.ANE, and one by State Police; Clearly shown my correct name, and S.S.# ███-██-4207, Place of Birth Romania, and Citizenship U.S.A. I also hand over to the Court seven Documents showing I.N.S. has me by mistaken Identity. I Donot have a middle name! On Dec. 4th 2007, I requested the minutes of sept. 4th 2007, because of the errors made by Mr. Tuchmann in Court on Dec 4, 2007. Notifying the Court that he was unprepared and knew nothing about the Law (8 U.S.C. 1431) because I brought up in Court, that the Court was about to release me, but Mr. Tuchmann had no evidence that my mother became a citizen in 1994

1

because I the defendant did not have my mothers citizenship papers. I recieved the Minutes from the Hearing, that took place in Federal Court sept. 04, 2001. And MR. Tuchmann's statement which I reffered about is absolutely not in the transcript! The Government Does have very much power, to do basickly what it Likes! But I'm a citizen under the LAW that Congress has made Law, and I wish for my release from the Government! My rights, and freedom has been taken away Illegally!

I request from MR. Tuchmann to respect the 14th Amendment of the Constitution, and to release me according to the Congressional Laws by Congress. (8 U.S.C. 1431) and (I.N.A. 320 as Amended in 1978 Oct. 5;    (SEE Attached) And for my release from custody and not to have any Pending charge(s) against me!
I ask for JuRy Trial!

Gheorghe Creitoru

Gheorghe Creitoru
Metropolitan Detention Center
100 29th St
Brooklyn, Ny. 11232

§ 319(b)

his application has been living in marital union with the citizen spouse (except in the case of a person who has been battered or subjected to extreme cruelty by a United States citizen spouse or parent), who has been a United States citizen during all of such time and has been physically present in the United States for periods totaling at least half of that time and has resided within the State or the district of the Service in the United States in which the applicant filed his application for at least three months.

(b) Any person, (1) whose spouse is (A) a citizen of the United States, (B) in the employment of the Government of the United States, or of an American institution of research recognized as such by the Attorney General, or of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or of a subsidiary thereof, or of a public international organization in which the United States participates by treaty or statute, or is authorized to perform the ministerial or priestly functions of a religious denomination having a bona fide organization within the United States, or is engaged solely as a missionary by a religious denomination or by an interdenominational mission organization having a bona fide organization within the United States and (C) regularly stationed abroad in such employment, and (2) who is in the United States at the time of naturalization, and (3) who declares before the Attorney General in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or a State or a district of the Service in the United States, or proof thereof shall be required.

(c) Any person who (1) is employed by a bona fide United States incorporated nonprofit organization which is principally engaged in conducting abroad through communications media the dissemination of information which significantly promotes United States interests abroad and which is recognized as such by the Attorney General, and (2) has been so employed continuously for a period of not less than five years after a lawful admission for permanent residence, and (3) who files his application for naturalization while so employed or within six months following the termination thereof, and (4) who is in the United States at the time of naturalization, and (5) who declares before the Attorney General in good faith an intention to take up residence within the United States immediately upon termination of such employment, may be naturalized upon compliance with all the requirements of this Title except that no prior residence or specified period of physical presence within the United States or any State or district of the Service in the United States, or proof thereof, shall be required.

(d) **14.1** Any person who is the surviving spouse, child, or parent of a United States citizen, whose citizen spouse, parent, or child dies during a period of honorable service.

---

**14.1** Subsec. (d) was the subject of two amendments by Title XVII, National Defense Authorization Act for Fiscal Year 2004, Act of Nov. 24, 2003, Pub. L. No. 108-136, 117 Stat. 1392. Sec. 1703(f)(1) of such 2003 Act added sentence relating to the terms "United States citizen" and "citizen spouse", such amendment to apply [as provided by Sec. 1703(f)(2) of such Act of Nov. 24, 2003] with respect to persons granted posthumous citizenship under section 329A of the Immigration and Nationality Act (8 U.S.C. 1440-1) due to death on or after September 11, 2001; and (2) Sec. 1703(h) of such 2003 Act inserted ", child, or parent", ", parent, or child" in the case of a surviving spouse," the amendment to take effect [as provided in Sec. 1703(h) of such Act of Nov. 24, 2003] as if enacted on September 11, 2001.

---

§ 321

INA

in an active duty status in the Armed Forces of the United States who, in the case of a surviving spouse, was living in marital union with the citizen spouse at the time of his death, may be naturalized upon compliance with all the requirements of this title except that no prior residence or specified physical presence within the United States, within a State or a district of the Service in the United States shall be required. For purposes of this subsection, the terms "United States citizen" and "citizen spouse" include a person granted posthumous citizenship under section 329A.

**Section 320, 8 U.S.C. 1431   Children Born Outside the United States and Residing Permanently in the United States; Conditions Under Which Citizenship Automatically Acquired [15]**

(a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) **At least one parent of the child is a citizen of the United States, whether by birth or naturalization.**

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

(b) Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 101(b)(1).

**Section 321, 8 U.S.C. 1432**

[Repealed] [16]

*I.N.A. 2006 edition.*

---

[17] Amended by Act of Oct. 5, 1978, Pub. L. No. 95-417, 92 Stat. 917. Sec. 14, Act of Nov. 14, 1986, Pub. L. No. 99-653, 100 Stat 3655, 3657, added the requirement that the child be unmarried at the time of naturalization. Sec. 14 was, however, repealed by Sec. 8(l), Immigration Technical Corrections Act of 1988, Pub. L. No. 100-525, 102 Stat 2609. Section amended its entirety, including section title (former title: "Child Born Outside of United States of One Alien and One Citizen Parent at Time of Birth; Conditions Under Which Citizenship Automatically Acquired"), by Sec. 101(a), title I, Child Citizenship Act of 2000, Pub. L. No. 106-395, Act of Oct. 30, 2000, 114 Stat 1631; *effective date*: under Sec. 104 of such title I of such Act, the amendments made by such title "shall take effect 120 days after the date of the enactment of this Act [enacted Oct. 30, 2000] and shall apply to individuals who satisfy the requirements of section 320 or 322 of the Immigration and Nationality Act, as in effect on such effective date."

[18] Repealed by Sec. 103(a), title I, Child Citizenship Act of 2000, Pub. L. No. 106-395, Act of Oct. 30, 2000, 114 Stat. 1631 *Effective Date*: Under Sec. 104 of such title I of such Act, the amendments (which included this repeal of INA § 321) made by such title "shall take effect 120 days after the date of the enactment of this Act [enacted Oct. 30, 2000] and shall apply to individuals who satisfy the requirements of section 320 or 322 of the Immigration and Nationality Act, in effect on such effective date." The repealed section 321 was entitled "Child Born Outside of United States of Alien Parent; Conditions Under Which Citizenship Automatically Acquired."

ey General expressly consents to the
grant of special immigrant juvenile status;
sdiction to determine the custody order
structive custody of the Attorney General or placement of
onsents to such jurisdiction; and unless the At-
adoptive parent of any alien provided special immigrant
oh shall thereafter, by virtue of such parentage, be ac-
r status under this Act;
honorably on active duty in the Armed Forces of the
, and after original lawful enlistment outside the United
nt in effect on the date of the enactment of this
s aggregating—

immigrant if accompanying or following to join the
epartment under which the immigrant serves or served
nmigrant status to the immigrant;
nbed in clause (i), (ii), (iii), or (iv) of subparagraph

described in paragraph (15)(G)(i) were treated as a
ty Organization (NATO);
graph (15)(G)(iv) were treated as a reference to a
NATO-6 (as a member of a civilian component
ccordance with the provisions of the NATO Status-
civilian component attached to or employed by an
tocol on the Status of International Military Head-
th Atlantic Treaty, or as a dependent); and
orrections Act of 1988 or to the Immigration and
Act of 1994 were a reference to the American
ovement Act of 1998[; or]
of section 203(b)(4) [8 USCS § 1153(b)(4)], an
States to work as a broadcaster in the United States
of the Broadcasting Board of Governors, or for a
ernors, and the immigrant's accompanying spouse

1–1585 or 1588–1591 of title 18, United States
luntary servitude, and trafficking in persons);

s paragraph whether in violation of Federal or
ation of the law of a foreign country for which
n the previous 15 years. Notwithstanding any
ate), the term applies regardless of whether the
ate of enactment of this paragraph.

en who meets the criteria set forth in section
(aa)(BB), or 240A(b)(2)(A)(i)(III) [8 USCS
(II)(aa)(BB), or 1229b(b)(2)(A)(i)(III)].
n alien, or a child of the alien, who qualifies

1)(A) [8 USCS § 1154(a)(1)(A)];
8 USCS § 1154(a)(1)(B)];
(C)];
J.S.C. 1255 note) (commonly known as the
o has been battered or subjected to extreme

Immigration Fairness Act of 1998 (8 U.S.C.

ment and Central American Relief Act [8

(G) section 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 [note to this section] (division C of Public Law 104-208).
(b) As used in titles I and II [8 USCS §§ 1101 et seq., 1151 et seq.]—
  (1) The term "child" means an unmarried person under twenty-one years of age who is—
    (A)–(D) [Unchanged]
    (E)(i) a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years or if the child has been battered or subject to extreme cruelty by the adopting parent or by a family member of the adopting parent residing in the same household: Provided, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act; or
    (ii) subject to the same proviso as in clause (i), a child who: (I) is a natural sibling of a child described in clause (i) or subparagraph (F)(i); (II) was adopted by the adoptive parent or parents of the sibling described in such clause or subparagraph; and (III) is otherwise described in clause (i), except that the child was adopted while under the age of 18 years; or
    (F)(i) a child, under the age of sixteen at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 201(b) [8 USCS § 1151(b)], who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents, or for whom the sole or surviving parent is incapable of providing the proper care and has in writing irrevocably released the child for emigration and adoption; who has been adopted abroad by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who personally saw and observed the child prior to or during the adoption proceedings; or who is coming to the United States for adoption by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who have or has complied with the preadoption requirements, if any, of the child's proposed residence: Provided, That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States: Provided further, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act; or
    (ii) subject to the same provisos as in clause (i), a child who: (I) is a natural sibling of a child described in clause (i) or subparagraph (E)(i); (II) has been adopted abroad, or is coming to the United States for adoption, by the adoptive parent (or prospective adoptive parent) or parents of the sibling described in such clause or subparagraph; and (III) is otherwise described in clause (i), except that the child is under the age of 18 at the time a petition is filed in his or her behalf to accord a classification as an immediate relative under section 201(b) [8 USCS § 1151(b)].
  (2)–(5) [Unchanged]
(c) As used in title III [8 USCS §§ 1401 et seq.]—
  (1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320 and 321 of title III [8 USCS §§ 1431, 1432], a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of 16 years (except to the extent that the child is described in subparagraph (E)(ii) or (F)(ii) of subsection (b)(1)), and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption.
  (2) [Unchanged]
(d), (e) [Unchanged]
(f) For the purposes of this Act—
No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
  (1), (2) [Unchanged]
  (3) a member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D), (6)(E), and (10)(A) of section 212(a) of this Act [8 USCS § 1182(a)]; or subparagraphs (A) and (B) of section 212(a)(2) [8 USCS § 1182(a)(2)] and subparagraph (C) thereof of such section (except as such paragraph relates to a single offense of simple possession of 30 grams or less of marihuana), if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;
  (4)–(7) [Unchanged]
  (8) one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43)); or

9